FILED
OCT 27 2011
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MONICA CONRAD and TIM CONRAD, <br><br> Plaintiffs, <br><br> vs. <br><br> FOREMOST INS. CO., <br><br> Defendant. | Civ. No. 11-5082 <br><br><br> **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

COMES NOW the Plaintiffs and for their Complaint, state and allege as follows:

1. Plaintiffs, Monica and Tim Conrad, (hereafter referred to as "Plaintiffs") are residents of Deadwood, South Dakota.

2. Defendant is a company incorporated in a state other than South Dakota, with its principal place of business in Grand Rapids, Michigan.

3. The amount in controversy exceeds $75,000.00.

4. Jurisdiction of the Court is established by 28 U.S.C. 1332, diversity of citizenship.

5. Plaintiffs own a vacation residence and several adjacent buildings at Angostura Reservoir near Hot Springs, South Dakota (hereafter referred to as the "Property").

6. Plaintiffs purchased a policy of homeowners insurance from Defendant for the Property.

7. In June, 2010, Plaintiffs' Property suffered damage as a result of a hail storm.

8. Defendant paid the loss associated with the dwelling.

9. With respect to the other structures, the policy provides for compensation according to the

following method:

The lowest of:

a. The difference between the actual cash value of your damaged other structures immediately before the loss and its actual cash value immediately after the loss;

b. The amount required to repair or replace your other structure;;

c. The Amount of Insurance shown on the Declarations Page for your other structure.

10. Defendant engaged an independent adjustor to adjust the loss, who visited the Property on July 10, 2010.

11. A portion of the damage to the outbuildings was due to dents in the metal roof and exterior caused by hail.

12. After receiving the estimated loss report of its independent adjustor, Defendant told Tim Conrad that the "cosmetic" damages were not covered.

13. Defendant - later - agreed to make payment for cosmetic damages.

14. Defendant's first settlement offer occurred on September 2, 2010.

15. Defendant's first settlement offer for the loss to the other structures was $3,783.60, representing a loss of $4,027.99 less depreciation of $244.39.

16. Defendant based this first settlement offer from an estimate prepared by an internal claims representative.

17. The internal claims representative's estimate indicated that the property was inspected between 12:00 AM and 10:41 AM on September 2, 2010.

18. Upon information and belief of Plaintiffs, no such inspection ever took place.

19. Defendant's proposed claim payment was not reasonable or based upon a reasonable

investigation.

20. Plaintiffs requested reconsideration of this determination; Defendant refused.

21. Plaintiffs were forced to retain counsel.

22. Plaintiffs' counsel requested a copy of the original independent adjustor's estimate.

23. Defendant did not provide Plaintiffs with a copy of the independent adjustor's original estimate until November 4, 2010.

24. As it turned out, the independent adjustor estimated the replacement cost at $16,751.12, and estimated the actual cash value of the loss at $15,757.97, less the remaining deductible for a net actual cash value of the loss of $15,753.17.

25. After Plaintiffs obtained a copy of the independent adjustor's report, Defendant then offered to pay that amount.

26. Defendant later issued a check consistent with the original estimate of its independent adjustor.

27. Defendant then cancelled Plaintiffs' coverage effective 7/1/2011.

## COUNT ONE - BAD FAITH

28. Defendant denied and delayed payment of monies due Plaintiffs due under their policy of insurance.

29. Defendant knew, or with reasonable investigation, should have known, that there was no reasonable basis to withhold monies due the Plaintiffs.

30. Defendant was in the possession of an estimate that far exceeded the amount the Defendant offered to the Plaintiffs.

31. Defendant withheld this information from Plaintiffs.

32. Defendant knowingly submitted a settlement offer that was substantially smaller than it knew the extent of damages were.

## DAMAGES

33. As a result of Defendant's bad faith and unfair trade practices, Plaintiffs have been damaged as follows:

    a. They were subjected to delays in payment of monies owed them under their policy;

    c. They were deprived of their use and enjoyment of the money owed to them;

    b. They were subjected to unnecessary frustration, aggravation, annoyance, and anxiety over an intentional effort to deprive them of money due and owing;

    c. They expended time and resources and expenses for legal help, in the amount of $600.00.

## PUNITIVE DAMAGES

34. Defendant has acted with oppression, fraud, or malice, and punitive damages are necessary and appropriate in order to punish and deter.

WHEREFORE, Plaintiffs seeks compensatory and punitive damages in an amount to be determined by the jury, as well as all prejudgment interest, attorneys fees, costs, and disbursements, and such other amounts as determined just and appropriate under the circumstances.

## TRIAL BY JURY IS DEMANDED

Dated this 27 day of October, 2011.

/s/ Mike Abourezk
Mike Abourezk
ABOUREZK LAW FIRM
2020 W. Omaha
Rapid City, SD 57709-9460
Telephone: (605) 342-0097

Facsimile: (605) 342-5170
Mike@abourezk.com
*Attorneys for Plaintiff*