UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| MONICA CONRAD and TIM CONRAD, | ) | CIV: 11-5082 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **FORM 52 REPORT OF** |
| | ) | **PARTIES' PLANNING MEETING** |
| FOREMOST INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to the Court's Order for Form 52 Report and Scheduling Information, and Federal Rule of Civil Procedure 26(f), Defendant submits the following as its report of the parties' planning meeting:

**A.   Date and place of the meeting and identification of the parties and their attorneys:**

1. The date and place at which the meeting was held: March 20, 2012 at the law offices of Michael Abourezk, 2020 W. Omaha, Rapid City, South Dakota.

2. Name and address of each party, together with the name and address of the attorney or attorneys who represented each party at the meeting:

    Plaintiffs Monica and Tim Conrad, represented by Michael Abourezk, Abourezk Law Firm, PC, 2020 W. Omaha Street, PO Box 9460, Rapid City, SD 57709-9460, 605-342-0097.

    Defendant Foremost Insurance Company, represented by Thomas G. Fritz and Catherine M. Sabers, Lynn, Jackson, Shultz & Lebrun, 909 St. Joseph Street, PO Box 8250, Rapid City, SD 57709-8250, 605-342-2592.

3. Name of insurance carriers and amount coverage available.

**B.   Description of the Case:**

4. <u>A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses.</u>

1

Plaintiffs have asserted claims against Foremost Insurance Company for bad faith and punitive damages, alleging that Foremost Insurance Company acted in bad faith in the administration of a hail claim on their vacation residence near Hot Springs, South Dakota.

Defendant denies that it acted in bad faith in the administration of Conrads' hail claims. Defendant further asserts that Plaintiffs have been fully compensated for all losses allegedly sustained in relation to the June 1, 2010 hail storm.

5. <u>A concise statement of the jurisdictional basis of the case, giving a brief narrative description, as well as statutory reference numbers.</u>

The jurisdictional basis for the case is premised on diversity because Plaintiffs are residents of South Dakota, and Defendant is a resident of a state other than South Dakota. Plaintiffs contend that the amount in controversy exceeds $75,000.00 Diversity jurisdiction would be premised on 28 U.S.C. §1332. Defendant previously raised and preserved the issue of amount in controversy.

6. <u>A brief statement of the material issues to be resolved.</u>

Both liability and damages would be issues for resolution.

**C. Pleadings:**

7. <u>A statement of whether all pleadings have been filed, and description of any amendments to the pleadings the party proposes to make, including identification of any new parties to be added (if none so state).</u>

All pleadings have been filed at this time.

8. <u>The date by which all motions which seek to amend the pleadings or add parties will be filed.</u>

December 1, 2012.

9. <u>Whether jury trial is available under the law, and whether a jury trial has been timely demanded.</u>

Yes, and Plaintiffs have demanded a jury trial.

**D. Initial Discovery Plan:**

10. <u>The date by which all prediscovery disclosures required by Rule 26(a)(1) will be completed.</u>

The parties have agreed to simultaneous exchange of initial disclosures by April 20, 2012.

**E.    Continuing Discovery Plan:**

11. <u>The procedure to be used for disclosure of electronic information</u>:

    Defendant does not concede that e-discovery is appropriate or necessary or that documents must be, or will be, produced electronically.

    Plaintiffs have requested that any electronic documents be produced in native format with metadata intact. Defendant objects to this proposal.

    Defendant agrees to include some discussion of the format of document production in its initial disclosures.

    Once issues as to the appropriate scope of discovery are addressed, Defendant agrees to discuss additional issues pertaining to potential electronic discovery.

12. <u>The number of interrogatories each party will be permitted to serve</u>:

    Fifty interrogatories by each party, including subparts.

13. <u>The maximum number of depositions by each party (excluding depositions of expert witnesses)</u>:

    Ten.

14. <u>Limits on the length of depositions, in hours</u>:

    In accordance with Rule 30(d) of the Federal Rules of Civil Procedure.

15. <u>Date by which all discovery (including expert discovery) shall be completed</u>:
    March 20, 2013.

16. <u>A statement of how many, if any, expert witnesses each party anticipates calling at trial, and a brief (one or two words) description of the type of experts anticipated</u>.

    Plaintiff: One, insurance or claims expert.
    Defendant: One, insurance or claims expert.

17. <u>The date by which each party will disclose the identity of expert witnesses and disclose the reports required under Rule 26(a)(2)</u>.

        Plaintiff: On or before December 15, 2012.
        Defendant: One or before February 1, 2013.

18.    Whether the parties anticipate expert depositions.

      Yes.

19.    The number of expert depositions each party shall be permitted to take:

      Each expert may be deposed by the other party one time.

20.    The frequency with which discovery responses must be supplemented pursuant to Rule 26(e).

      The parties will make reasonable and good faith efforts to disclose discoverable information within thirty days of obtaining such information.

**F.    Dispositive Motions and Trial:**

21.    Date by which all dispositive motions will be filed.

      April 15, 2013.

22.    Estimated trial time, including jury selection and instructions:

      Five trial days.

**G.    Settlement:**

23.    The parties should fully explore the possibility of settling this case at the Rule 26(f) meeting. If the case does not settle, the parties will be fully prepared to advise the Court about the status of settlement discussions. The parties will advise the Court whether they desire a settlement conference with the Magistrate.

      The parties discussed settlement at the meeting, and Plaintiffs have made an oral settlement demand.

24.    Plaintiffs are directed to make a written settlement demand prior to the Rule 26(f) meeting. Defendant shall respond in writing to this demand as soon as possible.

      Plaintiffs have made an oral settlement demand; it is anticipated it will be reduced to writing. Defendant will respond in writing to the demand as soon as possible.

25.    If Plaintiffs are unable to make a settlement demand, Plaintiffs will be fully prepared:

    (a)    <u>To explain the inability;</u>
    (b)    <u>To advise the Court what is needed to evaluate settlement; and</u>
    (c)    <u>To advise the Court of the earliest date the parties can realistically evaluate settlement.</u>

Not applicable.

26.    <u>Other matters the parties want to raise.</u>

None at this time.

Dated this __19__ day of April, 2012.

                                   ABOUREZK LAW FIRM, PC

                    By: _____
                          Michael Abourezk
                          2020 W. Omaha Street
                          PO Box 9460
                          Rapid City, SD  57709-9460
                          605-342-0097
                          mike@abourezk.com

Dated this __20__ day of April, 2012.

                                   LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

                    By: _____
                          Thomas G. Fritz
                          Catherine M. Sabers
                          Attorneys for Defendant
                          P.O. Box 8250
                          Rapid City, SD  57709-8250
                          605-342-2592
                          tfritz@lynnjackson.com
                          csabers@lynnjackson.com